UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY NOBLE ROBINSON,

      Petitioner,

                              CASE NO. 2:12-CV-11345
v.                                JUDGE BERNARD A. FRIEDMAN
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

STEVE RIVARD,

      Respondent.
                                 /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Larry Noble Robinson is a state prisoner, currently confined at the St. Louis Correctional Facility in St. Louis, Michigan.

    2.    On May 11, 2010, petitioner was convicted of first-degree home invasion, MICH. COMP. LAWS § 750.110(a)(2); and armed robbery, MICH. COMP. LAWS § 750.529, pursuant to his *nolo contendere* plea in the Calhoun County Circuit Court. On July 8, 2010, he was sentenced to concurrent terms of 6 ½-20 years' imprisonment on the home invasion conviction and 10½-25 years' imprisonment on the armed robbery conviction.

    3.    Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

        I.    THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS NOLO CONTENDERE PLEA DESPITE HIS INSISTENCE ON HIS INNOCENCE

                AND THE LACK OF ANY EVIDENCE OF PREJUDICE TO THE PROSECUTION.

    II.    THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING DEFENDANT, THE ALLEGED GETAWAY DRIVER, TO AN EXCESSIVELY DISPARATE MINIMUM SENTENCE, WHEN HIS MORE CULPABLE CO-DEFENDANT WITH AN EXTENSIVE PRIOR RECORD WAS SENTENCED BY THE SAME JUDGE TO A MINIMUM SENTENCE FOR COMMITTING THE ROBBERY IN QUESTION AND THE EXTENT OF THE DISPARITY IN SENTENCE WAS NOT JUSTIFIED BY THE REASONS STATED.

    III.    DEFENDANT IS ENTITLED TO RESENTENCING, WHERE THE TRIAL OF HIS THREE CONVICTIONS, WHICH RESULTED IN A REDUCTION OF THE RECOMMENDED MINIMUM SENTENCING RANGE; THE SENTENCING COURT INDICATED THAT IT WAS SENTENCING [PETITIONER] AT THE LOW END OF THE GUIDELINES AND, IN FACT, SENTENCED HIM AT THE VERY BOTTOM OF THE RANGE.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Robinson*, No. 304412 (Mich. Ct. App. Aug 3, 2011) (per curiam).

    4.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Robinson*, 490 Mich. 971, 806 N.W.2d 736 (2011).

    5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on March 26, 2012. As grounds for the writ of habeas corpus, he raises the three claims he raised on direct appeal.

    6.    Respondent filed his answer on October 1, 2012. He contends that all of petitioner's claims are without merit.

    7.    Petitioner filed a reply on November 13, 2012.

B.    *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from a July 20, 2009, home invasion and robbery in Battle Creek, Michigan. Prior to trial, petitioner and the prosecutor entered into a plea agreement. Pursuant to the agreement, petitioner would plead no contest to the home invasion and armed robbery charges, in exchange for dismissal of other pending charges. The parties agreed that there was no agreement on sentencing, other than that the sentences on the two charges would be concurrent. *See* Plea Tr., at 3. Petitioner indicated that he understood the terms of the agreement. *See id*. The trial court explained to petitioner the maximum penalty he faced on each count, and petitioner indicated that he understood. *See id*. at 4-5. Petitioner indicated that he signed an advise of rights form, and that he understood the rights he was waiving by pleading no contest. *See id*. at 5-6. Petitioner denied that he had been promised anything in exchange for his plea beyond the agreement stated on the record, and denied that he had been forced, threatened, or coerced into entering his plea. *See id*. at 6-7. Petitioner's counsel read into the record the police report of the incident to establish a factual basis for the plea. *See id*. at 7-8. The trial court, satisfied that petitioner's plea was knowing and voluntary and that a factual basis had been established, accepted petitioner's plea. *See id*. at 8. At sentencing, petitioner sought to withdraw his plea, claiming that he was innocent of the charges. *See* Sentence Tr., at 4-5. The trial court denied petitioner's motion. *See id*. at 6. The trial court declined petitioner's request that it depart below the sentencing guidelines, but did sentence him to the bottom of the guidelines range. *See id*. at 23-24.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-

21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99

(2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).[1]

D.   *Plea Claims*

   1.   *Voluntariness*

Although not raised in his habeas application, in his reply petitioner contends that his plea

---

[1]The deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's application for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denial was "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

was involuntary and that counsel was ineffective because he was told by both counsel and the first prosecutor on the case that if he pleaded guilty he would receive five years' imprisonment. *See* Reply, at 10. This claim is without merit.

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted). Petitioner does not contend that he was coerced into pleading guilty or that the decision was not his own, nor could he given that he stated at the plea hearing that he had not been threatened or coerced into pleading guilty. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions

that in the face of the record are wholly incredible."). As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

Petitioner's sole claim that his plea was involuntary is that counsel and the prosecutor informed him that he would be sentenced to five years' imprisonment if he pleaded guilty. Again, however, the plea transcript belies this claim. The parties clearly indicated that there was no agreement on sentencing, and petitioner indicated that he understood the terms of the agreement. What petitioner is apparently referring to is an earlier proposal by an assistant prosecutor on the case that was never agreed to or entered. *See* Sentence Tr., at 3 (defense counsel explaining that "we've been up here a number of times before as far as on a plea hearing. Ah, it's changed through a number of prosecutors. There was an agreement, as far, you know, a proposal as far as three years minimum time, changed prosecutors, and then there was a plea of no contest to one count of armed robbery,

and one count of home invasion."). However, "[t]here is no duty by a prosecutor to keep a plea bargain open for any length of time." *Stokes v. Armontrout*, 851 F.2d 1085, 1090 (8th Cir. 1988). Thus, "a plea agreement that has not been entered and accepted by the trial court does not bind the parties." *United States v. Kuchinski*, 469 F.3d 853, 858 (9th Cir. 2006) (internal quotation omitted). Thus, in the absence of detrimental reliance on the offer by the defendant, the prosecutor is free to withdraw an offer, even after acceptance by the defendant, until the plea is actually entered and accepted by the trial court. *See Kuchinski*, 469 F.3d at 858; *United States v. Papaleo*, 853 F.2d 16, 19-20 (1st Cir. 1988); *Government of the V.I. v. Scotland*, 614 F.2d 360, 365 (3d Cir. 1980); *see also*, *Mabry*, 467 U.S. at 507 (footnote omitted) ("A plea bargain standing alone is without constitutional significance; it itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution."). Because petitioner knowingly and voluntarily pleaded no contest pursuant to the agreement the parties actually entered into and explained on the record, he cannot show that his plea was involuntary or that counsel was ineffective.

    2.    *Plea Withdrawal (Claim I)*

In his first claim, petitioner contends that the trial court erred in refusing to allow him to withdraw his plea based on his assertion of innocence. This claim is not cognizable on habeas review. A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent

9

constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id.* at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus petitioner's assertion of innocence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered render involuntary his otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided nearly forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable

in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

Nor can petitioner show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea. Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979). Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

Further, even under the standard applicable to pleas in federal court under FED. R. CRIM. P. 11, petitioner cannot show that he would be entitled to withdrawal of his plea. Under this standard, a claim of innocence alone does not entitle a defendant to withdraw his plea; rather, withdrawal is permitted only in the "most compelling of circumstances indicating the innocence of the defendant." *United States v. Tolson*, 372 F. Supp. 2d 1, 24 (D.D.C. 2005), *aff'd*, 264 Fed. Appx. 2 (D.C. Cir. Jan.

25, 2008); *see also*, *United States v. Robinson*, 498 F. Supp. 2d 328, 331-32 (D.D.C. 2007). To be entitled to withdrawal, a "defendant must come forward with some evidentiary support for his innocence." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 595 (E.D. Va. 2004); *see also*, *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). Here, petitioner does not have any evidentiary support for his claim of innocence other than his own denial of guilt. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.  *Sentencing (Claims II & III)*

In his second and third claims, petitioner raises challenges to his sentences. In his second claim, petitioner contends that the trial court erred in sentencing him more harshly than his more culpable codefendants. In his third claim, petitioner contends that the trial court erred in scoring the sentencing guidelines, and that he was sentenced based on inaccurate information. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009

(E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Thus, petitioner is not entitled to habeas relief on his claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines.

With respect to petitioner's claim that he was treated more harshly than his codefendants, it is well established that "a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995); *see also*, *United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001); *Holloway v. United States*, 960 F.2d 1348, 1352 (8th Cir. 1992); *Beachem v. Williams*, 351 F. Supp. 2d 793, 820-21 (N.D. Ill. 2004) (citing *Holman v. Page*, 95 F.3d 481, 486 (7th Cir. 1996)); *cf. Williams v. Illinois*, 399 U.S. 235, 243 (1970) ("The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences."). Thus, petitioner's argument does not assert a constitutional claim cognizable on habeas review.

Finally, petitioner is not entitled to relief on his claim that the trial court relied upon inaccurate information in imposing sentence. In *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only where the improper information "actually served as the

13

basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Although not entirely clear, it appears that petitioner's argument relates to the trial court's scoring of Prior Record Variable (PRV) 4, dealing with prior low severity juvenile adjudications. PRV 4 was scored at ten points for three or four prior such adjudications. Petitioner contends that he had only two such adjudications, and that the adjudications were 19 years prior to the time of sentencing. With respect to the latter argument, PRV 4 itself contains no time limitation on the consideration of prior juvenile adjudications. *See* MICH. COMP. LAWS § 777.54. The sentencing guidelines do provide, however, that in scoring Prior Record Variables 1 through 5 a court may not consider "any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication." MICH. COMP. LAWS § 777.50(1). That provision further explains how it should be applied:

> Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time

14

> between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

MICH. COMP. LAWS § 777.50(2). Put more simply, any conviction or adjudication that is followed by a ten year crime-free period is not counted. *See People v. Sirois*, No. 269645, 2007 WL 1452094, at *2 (Mich. Ct. App. May 17, 2007) ("While arguably somewhat cumbersome, the plain language of MCL 777.50(1) and (2) requires that a defendant's prior convictions be disregarded for purposes of scoring PRVs 1 through 5 only if they precede a ten-year period in which the defendant had no convictions, not merely because they are more than ten years old."). Here, petitioner does not argue that he had a ten year period in which he had no convictions or juvenile adjudications, and thus he cannot show that the trial court erred in counting his prior juvenile adjudications.

With respect to the number of prior juvenile adjudications, petitioner did not argue in the trial court that he did not in fact have three prior juvenile adjudications. Rather, he argued that by virtue of a court rule requiring destruction of juvenile adjudication records once an offender reaches the age of 30, his prior adjudications should be deemed to not have occurred. *See* Sentence Tr., at 7. The trial court rejected this interpretation of the court rule. Petitioner's challenge is to that legal determination; he does not argue that the legal determination regarding the scoring was based on materially inaccurate factual information (that is, that he did not in fact have three prior juvenile adjudications). Thus, petitioner cannot show that his sentence was based on any materially inaccurate information. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his sentencing claims.

F.      *Recommendation Regarding Certificate of Appealability*

    1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.   *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  As explained above, the record clearly establishes that petitioner's plea was voluntary and that he was not sentenced on the basis of any materially inaccurate factual information.  Further, as explained above, it is clear that the remainder of petitioner's claims raise issues of state law that are not cognizable on habeas review.  Accordingly, the resolution of petitioner's claims is not reasonably debatable, and the Court should deny petitioner a certificate of appealability.

G.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an

unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 9/16/13

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 16, 2013.
>
> s/Eddrey Butts
> Case Manager